# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| **In Re:** <br><br> CLIFFORD IVAN PEGRAM <br><br> **Debtor.** | **Bankruptcy Case** <br> **No. 08-00057-JDP** |
| JEREMY J. GUGINO, <br> Chapter 7 Trustee, <br><br> **Plaintiff**, <br><br> vs. <br><br> JAMES KNEZEVICH and <br> TED KNEZEVICH, <br><br> **Defendants**. | **Adv. Proceeding** <br> **No. 08-6027** |

## MEMORANDUM OF DECISION

**Appearances:**

Jeremy J. Gugino, Boise, Idaho, Chapter 7 Trustee.

James Knezevich, Caldwell, Idaho, acting *pro se*.

MEMORANDUM OF DECISION - 1

### Introduction

On January 12, 2008, Debtor Clifford Pegram ("Debtor") filed a petition for relief under chapter 7[1] of the Bankruptcy Code. In connection with that case, the chapter 7 trustee, Jeremy J. Gugino ("Trustee"), commenced this adversary proceeding on March 11, 2008, to recover a 2006 Polaris ATV from Defendant James Knezevich ("Defendant"), alleging that the ATV was property of Debtor's bankruptcy estate. *See* Complaint, Docket No. 1. Acting on his own behalf, Defendant filed an answer disputing Trustee's claim, and explaining that he had purchased the ATV in good faith from Debtor prior to the commencement of his bankruptcy case. *See* Answer to Complaint, Docket No. 3.[2]

On June 12, 2008, Trustee moved for summary judgment. Docket

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 - 1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 - 9037.

[2] After Defendant answered the complaint, Trustee moved to join Ted Knezevich, the current lien holder on the ATV, as an indispensable party to the action. The Court granted the motion, and Trustee filed his amended complaint which added Ted Knezevich as an additional defendant. Docket No. 10.

MEMORANDUM OF DECISION - 2

No. 19. Defendant filed a written response to the motion, Docket No. 21. The parties appeared at a hearing on August 13, 2008 to argue the motion. Having now considered the record, the parties' arguments, and the applicable law, this memorandum disposes of the motion.[3]

**Facts**

The material facts are not disputed and can be easily summarized. In September 2006, Debtor purchased an ATV from High Mark Recreation, which he financed through IDADIV Credit Union ("IDADIV"). IDADIV was listed as a lienholder on the ATV's original certificate of title. On December 11, 2007, Debtor sold the ATV to Defendant for $4,544.55.[4] Debtor signed and gave Defendant a bill of sale; Defendant delivered a personal check to IDADIV and took possession of the ATV.

On December 26, 2007, IDADIV released its lien on the ATV and

---

[3] To the extent required by the Rules, this Memorandum constitutes the Court's findings of fact and conclusions of law.

[4] At the hearing, Defendant represented that he borrowed the money to purchase the ATV from his brother, Ted Knezevich, who is the other named defendant in the adversary proceeding. Ted Knezevich did not appear in this action and has been defaulted.

MEMORANDUM OF DECISION - 3

sent the certificate of title to Debtor. Debtor signed the "assignment" section on the title certificate and forwarded it to Defendant.[5] For his own reasons,[6] Defendant did not immediately act to have a new title certificate issued by the Idaho Transportation Department showing that he now owned the ATV. It was not until much later that Defendant sought to have a new title certificate issued, which was ultimately issued on February 20, 2008. The new title listed Defendant as the owner of the ATV, and Ted Knezevich as the lienholder.

Unfortunately for Defendant, prior to the time the new certificate of title was issued to Defendant, on January 12, 2008, Debtor filed his chapter 7 bankruptcy petition.[7] Debtor did not disclose the December 11, 2007 sale of the ATV to Defendant in his Statement of Financial Affairs. Curiously,

---

[5] The precise date Defendant actually received the title certificate from Debtor is unclear. However, Defendant represented during the hearing that he received it sometime in January 2008, after Debtor's bankruptcy filing.

[6] At the hearing, Defendant mentioned that his brother had recently suffered some serious medical problems, and that Defendant became preoccupied with assisting his brother and his family, such that the thought of titling the ATV did not enter his mind.

[7] The case was assigned Case No. 08-00057-JDP.

MEMORANDUM OF DECISION - 4

though, Debtor listed the ATV among his assets, and IDADIV as a secured creditor, in his bankruptcy schedules.

In this adversary proceeding, Trustee seeks to avoid Defendant's claim as owner of, as well as Ted Knezevich's lien interest in, the ATV. Trustee seeks possession of the ATV so it can be sold for the benefit of the creditors of the bankruptcy estate.

**Discussion**

I.

Summary judgment may be granted if, when the evidence is viewed in a light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(e), incorporated by Fed. R. Bankr. P. 7056; *Leimbach v. Lane (In re Lane)*, 302 B.R. 75, 81 (Bankr. D. Idaho 2003) (citing *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001)).  The Court does not weigh evidence in resolving such motions; rather it determines only whether a material factual dispute remains for trial.  *Lane*, 302 B.R. at 81 (citing *Covey v. Hollydale Mobilehome Estates*, 116 F.3d 830, 834 (9th Cir.

MEMORANDUM OF DECISION - 5

1997)). A dispute is genuine if there is sufficient evidence for a reasonable fact finder to hold in favor of the non-moving party. A fact is "material" if it might affect the outcome of the case. *Id.* (citing *Far Out Prods.*, 247 F.3d at 992). The initial burden of showing that there is no genuine issue of material fact rests on the moving party. *Esposito v. Noyes (In re Lake Country Invs.)*, 255 B.R. 588, 597 (Bankr. D. Idaho 2000) (citing *Margolis v. Ryan*, 140 F.3d 850, 852 (9th Cir. 1998)). If the non-moving party bears the ultimate burden of proof on an element at trial, that party must make a showing sufficient to establish the existence of that element in order to survive a motion for summary judgment. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

II.

A.

When an individual files a bankruptcy petition, a separate bankruptcy estate is created which is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a); *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 204

MEMORANDUM OF DECISION - 6

(1983). The scope of the estate is extremely broad, including both tangible and intangible property. *Whiting Pools*, 462 U.S. at 205. However, its scope is not so broad as to "expand a debtor's rights in property over what existed as of the date of filing." *Farmers Ins. Group v. Krommenhoek (In re Hiatt)*, 00.3 I.B.C.R. 131, 132 (Bankr. D. Idaho 2000) (citations omitted).

"Property interests [in bankruptcy cases] are created and defined by state law." *Butner v. United States*, 440 U.S. 48, 55 (1979). Title 49 of the Idaho Code governs ownership rights in motor vehicles. In particular, Idaho Code § 49-503 provides that "no person acquiring a vehicle from the owner, whether the owner is a dealer or otherwise, shall acquire any right, title, claim or interest in or to the vehicle until he has issued to him a certificate of title to that vehicle[.]" This provision has been strictly construed by the courts to promote the underlying legislative policy that vehicle ownership be determined exclusively by reference to the name on the certificate of title. *Hopkins v. Brasseaux (In re Saunders)*, 08.1 I.B.C.R. 16, 17 (Bankr. D. Idaho 2008) (citing Idaho cases).

For example, this Court explained that a party has "no cognizable

MEMORANDUM OF DECISION - 7

ownership interest in a vehicle where no certificate of title [has] yet been issued in that party's name." *Hopkins v. Shradley (In re Shradley)*, 03.1 I.B.C.R. 7, 8 (Bankr. D. Idaho 2003). In other words, "it is the issuance of a new certificate of title, not delivery of the old certificate to a transferee, that grants an enforceable interest in a vehicle." *Saunders*, 08.1 I.B.C.R. at 17. Thus, "[a] buyer therefore bears the burden of acquiring a certificate of title in his name to protect his interest in a vehicle." *In re Woods*, 386 B.R. 758, 762 (Bankr. D. Idaho 2008).

When Defendant purchased the ATV from Debtor he thought he did everything correctly: he obtained a bill of sale from Debtor, he paid the prior lien holder in full, and he took possession of the ATV. Unfortunately, though, Defendant neglected a crucial step by not promptly obtaining a new certificate of title. Because Defendant delayed on this important step in establishing his legal rights, when Debtor filed for bankruptcy on January 12, 2008, in the public records, Debtor remained as the record title owner of the ATV and, as a result, the vehicle became property of the bankruptcy estate by operation of § 541(a)(1). *See, e.g.,*

MEMORANDUM OF DECISION - 8

*Woods*, 386 B.R. at 762; *Saunders*, 08.1 I.B.C.R. at 17; *Shradley*, 03.1 I.B.C.R. at 8-9.

Defendant's written submissions in this proceeding point out that neither Defendant nor Debtor had intended to "defraud the court or sidestep any laws." *See* Docket No. 3 at ¶ 12. Indeed, it appears that Defendant simply misunderstood or did not realize all that was required to effectively transfer ownership of the ATV under state law. However, Defendant's motives are not the issue in this action, and though sympathetic to Defendant's predicament, the Court cannot alter its legal analysis simply because the parties' intentions were innocent and the consequences harsh. *See Saunders*, 08.1 I.B.C.R. at 17 (explaining that the Idaho legislature has statutorily defined the equities in this context by adopting a comprehensive system of registering ownership interests in titled vehicles, and that it is inappropriate for a court to make "judicial exceptions to the operation of [that] thoughtful scheme."). The ATV is property of the bankruptcy estate which Defendant must turn over to Trustee. *See* 11 U.S.C. § 542(a).

MEMORANDUM OF DECISION - 9

B.

In addition to obtaining turnover of the ATV, Trustee seeks to avoid any ownership or lien interests that Defendant and Ted Knezevich may have in the ATV pursuant to § 549(a)[8] as unauthorized post-petition transfers of estate property. The key factor in this inquiry is when the transfer of the ATV and the creation of Ted Knezevich's lien[9] actually occurred. Although the purchase transaction actually took place prior to the filing of Debtor's bankruptcy petition, a "transfer" for purposes of the Bankruptcy Code did not occur until a new certificate of title was issued by the State of Idaho listing Defendant as the owner of the ATV and Ted Knezevich as the lien holder. *See Shradley*, 03.1 I.B.C.R. at 10 (explaining that a transfer occurs for bankruptcy purposes when the state issues a new

---

[8] Section 549(a) provides:
    (a) Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate–
        (1) that occurs after the commencement of the case; and
        (2)(A) that is authorized only under section 303(f) or 542(c) of this title; or
            (B) that is not authorized under this title or by the court.

[9] The Bankruptcy Code broadly defines "transfer" to include the creation of a lien on property. 11 U.S.C. § 101(54)(A).

MEMORANDUM OF DECISION - 10

certificate of title). Because this did not occur until February 20, 2008, after Debtor filed his bankruptcy petition, the Court concludes that the transfer of title and the lien constitute unauthorized post-petition transfers that the Trustee may avoid under § 549(a).

## Conclusion

Trustee's motion for summary judgment will be granted by separate order. Defendant's ownership interest in the ATV, as well as Ted Knezevich's lien, will be avoided pursuant to § 549(a), and Defendant will be ordered to turn over possession of the ATV to Trustee. Trustee shall submit an appropriate form of judgment for entry by the Court.

Dated: September 3, 2008

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 11